|   |   |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:13-CR-00392-LJO-SKO |
| Plaintiff, | |
| v. | |
| **EDUARDO ORTEGA CHAVEZ,** | **ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE** |
| Defendant. | |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Good cause appearing, IN THE ALTERNATIVE, the United States' motion for partial waiver of petitioner Eduardo Ortega Chavez's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is GRANTED as follows:

(1) The attorney-client privilege of Defendant Chavez is waived with respect to all communications between Defendant Chavez and his former attorney Richard Beshwate, Jr. concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in *United States v. Eduardo Ortega Chavez*, No. 1:13-cr-00392-LJO-SKO (E.D. Cal.).

(2) The work product privilege is waived with respect to the work product of attorney Richard Beshwate, Jr. concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Richard Beshwate Jr. shall disclose to the government all communications between defendant Chavez concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(4) Eduardo Ortega Chavez's former defense counsel shall provide the government with a declaration addressing the communications with defendant and work product concerning events and facts related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether or not to proceed with his § 2255 motion, he must notify this Court within five (5) court days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

The government's motion for an extension of time, to January 25, 2018, to file its response to defendant Chavez's § 2255 motion is GRANTED.

IT IS SO ORDERED.

Dated: **December 8, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE